Docket No. WRIT 1001.
Re: Cause No: E0004327

STATE OF TEXAS:                §   IN THE ELLIS COUNTY
                              §
        PLAINTIFF             §   COURT AT LAW No. 2
                              §
                              §
    vs.                       §   109 SOUTH JACKSON St.
                              §
                              §
Frederick-William: Van Horn   §   WAXAHACHIE,  TEXAS
                              §
        Relater               §   75168

## Notice of Appeal: Pleading.

I am Appealing the September 9th order of Ellis county court at law No. 2.

The reason I have prepared this notice of appeal this way is because of all the problems I am having with the Ellis county clerks.  The latest being my asking for the docketing statement & being refused. The challenge to the subject matter jurisdiction being denied on the 9th is the grounds for this appeal.

Summary of the complaint provided because this is as I understand it an accelerated appeal: Appeal-Regular.

I understand I am to follow the rules of a regular appeal just at the accelerated table.

The state has no standing to prosecute me in the first place, no grounds, & none of any other kind of right to prosecute me, this being essentially the third time makes it just another form of malice. They have no right to prosecute me or even try. I am not liable or subject to their interests. They have no right to the precedence provided by probable cause when they know they have no cause to prosecute me: in the first place e.g. probability or other wise via such grounds. The only mater before the court at this time is the challenge to the subject matter & the subsequent mandatory termination of the criminal prosecution against me. The damages are not before the court until the accrual of the criminal action, & a

new action is filled see: Texas causes of action chapter 19-A. §4.2 Accrual. To me that does not mean that the city cant make reparations' before this happens. It just means the judges dismissal of the criminal action against me cannot include intent to dismiss the damage claims I have asserted. The city is as fully noticed as I can provide.

Subjects/elements: paramount to prosecution that they don't have: where is the damage party? How was I not exercising my rights? & in exercising my rights how do they have any complaints at all? Where is the explicit waver of my rights? How have I given the state or those under color of its law just cause to prosecute me? Where is the state' answer? How can they prove what really matters?? e.g. My liability to such charges in the light of all the law I have plead to the contrary of the charges? Are you going to continue this injustice against me? Isn't the evidence supposed to at least have a possible point of being even relevant to some liability at all? If not! what judgment do you have jurisdiction to render in their favor? The only possible answer is none! I am not guilty of anything except exercising my constitutionally secured & guaranteed rights.

I understand a Plea to the Jurisdiction is appropriate when the judgment sought by the prosecution is not within the courts jurisdiction to grant, such as in this case. I understand that a plea to the jurisdiction is to resolve the case without regard to the merits of the case & thus is supposed to be granted without prejudice. I know that all the facts, evidence e.g. the matter of law I have raised is what gives this court it' just grounds to rule in my favor in dismissal of the states cause of action for lack of jurisdiction & thus is a final judgment, & i.e. should be with prejudice. The principle intent of the law prejudiced their case before I was even cited & they have no excuse not to know this.

The fact of this matter is I challenge to the jurisdiction. It should have been granted without any delay. I should have had justice at my very first response.

## Conclusion

Neither the state or Waxahachie has a case against me. I am entitled to the relief sought, & to per sue my damages in a separate action..

## Relief Sought

Please terminate the criminal action for lack of jurisdiction.

To further address my complaint:

So that you may have at your finger tips my ongoing complaint against the county clerks. I provide the clerks duties from many sources, to show the damages they cause me were unnecessary & deliberate causing me to take this approach instead. Damages I most certainly hold Waxahachie liable for. There is more than just complaining about those clerks here in.

*Issues: Appeal can be taken from refusal to dismiss for lack of jurisdiction*

TEXAS RULES CIVIL TRIALS: COMMENTARIES: Ch. 3. Defendant's Response & Pleadings F. Plea to the Jurisdiction---Challenging the Court

§1.2 Purpose. A plea to the jurisdiction is a procedural device used to challenge the court's subject-matter jurisdiction over a claim. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex.2004); *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *see Heckman v. Williamson Cty.*, 369 S.W.3d 137, 147 (Tex.2012). Without subject-matter jurisdiction, a court does not have authority to render judgment & must dismiss the claim without resolving the parties' substantive argument. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442-43 (Tex.2013); *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299,304 (Tex.2008); *Bland ISD*, 34 S.W.3d at 553-54. Thus the defendant can use a plea to the jurisdiction to defeat a cause of action without regard to its merits. *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex.2012); *Bland ISD*, 34 S.W.3d at 554.

## §2. PLEA TO THE JURISDICTION

§2.1 Form. A plea to the jurisdiction may be included in the answer or filed as a separate motion. TRCP 85. If filed as a motion, it should be captioned as a motion to dismiss for lack of jurisdiction.

*NOTE*

*Subject-matter jurisdiction can also be challenged in another procedural instrument, such as a traditional motion for summary judgment. State v.Lueck, 290 S.W. 3d 876, 884 (Tex.2009); Bland ISD v. Blue, 34 S.W.3d 547, 554 (Tex.2000); see also TDCJ v. Simons, 140 S.W.3d 338, 349 (Tex.2004) (interlocutory appeal under CPRC §51.014(a) (8)* <u>*can be taken from refusal to dismiss for lack of jurisdiction*</u> *whether jurisdictional argument is make in plea to the jurisdiction or some other instrument).*

§2.4 No deadline. There is no deadline for the plea to the jurisdiction. Lack of subject-matter jurisdiction is fundamental error & can be raised at any time. *Sivley v. Sivley*, 972 S.W.2d 850, 855 (Tex.App.---Tyler 1998, no pet.).

§3.2 No Standing. A plea to the jurisdiction is proper to challenge a party's lack of standing. *See M.D. Anderson Cancer Ctr. V. Novak*, 52 S.W.3d 704,710-11 (Tex.2001),

*Issues:* <u>*should file notice of appeal instead of asking for permission.*</u>

COMMENTARIES Ch. 3. Motions of Appeal P. Motion for Interlocutory Appeal & Stay Pending Appeal

## §2. INTERLOCUTORY APPEALS

For an interlocutory order to be appealable, a statute or rule must specifically authorize the appeal. *See Ware v. Miller*, 82 S.W.3d 795, 799 (Tex.App.---Amarillo 2002, pet. denied). When a statute or rule authorizes an appeal, parties do not need to file a motion to appeal an interlocutory order. <u>Instead, they should file a notice of appeal & proceed with an accelerated appeal under the TRAPs.</u> *See* <u>TRAP 28.1(a)</u>.

Ch. 1. Preliminary Issues B. Considerations Before Appeal

Appeal

unHorN v State

Sept 25

2015

972 937 6059

CD-R

AP 77,061

Notice of
Appeal

Van Horn, Frederick William

§2.6 Accelerated appeals. Appeals of certain orders & judgments are accelerated. *See* TRAP 28.1(a). An accelerated appeal has shortened schedules for filing the notice of appeal, record, & brief. See "Deadlines in an accelerated appeal," §2.6.2, this page. Along with cases given precedence by law & cases given precedence by the courts in the interest of justice, accelerated appeals are given precedence over other cases. TRAP 40.1. See "Appeals that Must Be Given Precedence," ch. 3-C, §5,. For the procedure for a motion to accelerate the appeal, see "Motion to Accelerate Appeal or to Give Appeal Precedence," ch. 3-C.

Address of the accelerated appeal requires criminal case: TRAP 40.2 Criminal Cases. In cases not otherwise given precedence by law. The court of appeals must have & determine a criminal appeals if the earliest possible time, having due regard for the parties rights & for the proper administration of justice.

Note: a matter at hand regarding right to appeal shall not be abridged, TRAP 40.2. Accelerated Appeal in Criminal Cases, for good cause.

What makes it criminal anyway? How is it not civil when the only thing criminal about the case is the aspect of: prosecuted in the nave of the state? See Code of Criminal Prosecution Ch. 3 Art. 3.02 & Burks v. State; otherwise the only real crime here is that I'm being prosecuted against all sound principle of law & wisdom. How do you define it as criminal when you have no damaged party? The State has no nexus between the charges & my liability, they are misapplying the only possible application of Burks v. State.

TRAP 40.1. Point of interest, types of cases that have precedence over all others:

(a) A case given precedence by law; such as: Denial of a Plea to the Jurisdiction, or challenge on the fact of, Lack of Subject Matter Jurisdiction; the subject is the ruling. How is a judgment to have any authority when its purported basis is actually thin air?

(b) An Accelerated Appeal: I'm giving the statutory provisions on how an appeal on the grounds of a lack of vital jurisdiction is an Interlocutory Appeal. By nature an appeal; that is to be accelerated, & that the proper course is to just

appeal, if as under a normal appeal, but just shorten deadlines, e.g. I filed this here Notice of Appeal instead of motioning or seeking permission to appeal.

(c) A case that the court determines should be given precedence in the interest of justice; such as in this case wherein termination of the proceedings against me immediately is & has always been sought & is the only just thing to do in such a lack of authority to proceed.

Commentaries Texas Civil Appeals. Ch. 1. B. §2.6. 2. Deadlines in an accelerated appeal:

(1) Notice of Appeal: The notice of appeal generally must be filed within 20 days after the judgment or order being appealed was signed, & post judgment motions do not extend the time for perfecting an appeal, TRAP 28.1(b): See "Note", 5-A, §52.2 (1).

(2) Record must be filed within ten days. The TRAP's permit the court to hear an accelerated appeal on the original papers sent by the trial court.

I am requesting the clerks record to include certain documents which situation ally automatically provides for a nearly complete record & since she says the cost is a dollar a page I am providing a 195.00 money order for the docketing fee & a 500.00 up front by Priority U.S. mail to the county court at law No. 2 of Ellis county, under an agreement to pay for other parts of the record as per the rules, & I am hoping to avoid more delay caused by these clerks.

Commentaries Texas Civil Appeals. Ch. 3. p. §2. Interlocutory Appeals 3: For an interlocutory order to be appertained:

§2. INTERLOCUTORY APPEALS

For an interlocutory order to be appealable, a statute or rule must specifically authorize the appeal. *See Ware v. Miller*, 82 S.W.3d 795, 799 (Tex.App.---Amarillo 2002, pet. denied). When a statute or rule authorizes an appeal, parties do not need to file a motion to appeal an interlocutory order. Instead, they should file a notice of appeal & proceed with an accelerated appeal under the TRAPs. *See* TRAP 28.1(a).

Argument for a why on writ why Jendrzey had plenary power to:

*NOTE*

*Filing a post judgment motion does not extend the appellate timetable for an appellate appeal, but a timely filed motion for new trial extends the trial court's plenary power. See TRAP 329b(e). See "Comparing the appellate timetable & plenary power," §6.3, p. 215. Thus, if the trial court modifies the judgment while it retains plenary power,* (Some thing I asked him to do August 25 at the hearing) *the time for filing the notice of appeal is calculated from the date of the modified judgment. See "Modified during plenary power," §5.1.2(1), p. 207.*

*Except* on the 25 he postponed the trial scheduled for said same day based on the matter that I had filled my writ of prohibition, a move I made to avoid said same day because Jendrzey was ignoring the challenge to the subject matter & subsequently the reason I now get to appeal is said writ in principle as is now denied such denial of a plea to the subject matter jurisdiction requires me to appeal.

Commenter's Texas Civil Appeals Ch. 10.D. §5. DEADLINE TO FILE APPELLATE RECORD IN COURT OF APPEALS

§5.1 Deadline runs form date judgment signed. Is signed (Sept 9th is the day the writ was denied) Like the deadline to file the notice of appeal, the deadline to file the appellate record is generally counted form the date the trial court signs the original or modified judgment or appealable order. *See* TRAP 35.1. See "Deadline to File Notice of Appeal." ch. 5-A, §5, p. 206. In a restricted or accelerated appeal, the deadline to file the appellate record runs from the date the notice of appeal is filed. TRAP 35.1(b), (c).

2. Accelerated appeal. In an accelerated appeal, the clerk's & reporter's records must be filed within ten days after the notice of appeal is filed. TRAP 35.1(b). See "Record," ch. 1-B, §2.6.2(2), p. 24. Postjudgment motions do not extend deadlines in accelerated appeals. TRAP 28.1(b).

Standard of review.

## NOTE

*If the appellate court determines that the trial court lacked subject-matter jurisdiction, any orders or judgments rendered by the trial court are void, not just voidable. In re United Servs. Auto. Ass'n, 307 S.W.3d 299, 309 (Tex.2010); Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.1990).*

Being able to hear anything does not in anywise mean a right to rule anyway you wont. A point I make to the court of general jurisdiction do to the county court at law No. 2 having concurrent jurisdiction inevitably with the district courts.

Sept. 17th, 2015 is the day I was next affronted by an Ellis county clerk. she refused vehemently to help me get a copy of the docketing statement or view the context I tried to show her out of the book sec 2 below that I had with me at the time. For this continuing problem I am having with this courts clerks I am strongly considering conducting any further filings there thru the U.S. postal service.

Pursuant to Texas Civil Appeal 2015 Commentaries Ch. 5. B. §2 Form for Docketing Statement

### §9. EFFECT OF FAILURE TO PERFECT APPEAL

If the appellant does not timely prefect the appeal, the appellate court does not acquire jurisdiction over the appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986); *Anderson v. Casebolt*, 493 S.W.2d 509, 511 (Tex.1973). In such a case, the appellate court must dismiss the appeal for lack of jurisdiction. *See Florance v. State*, 352 S.W.3d 867, 874-75 (Tex.App.---Dallas 2011, no pet.).

### §2. FORM FOR DOCKETING STATEMENT

An appellant preparing to file a copy of the notice of appeal in the court of appeals should consult the court's website or call the clerk of the court of appeals

to get the form for the docketing statement.  The clerks of al Texas courts of appeals have adopted a uniform docketing statement available in a PDF file on each court's website.  The appellant must complete this form by filing it in & returning it to the court of appeals within the time prescribed by the court.  For the official websites of each of the 14 courts of appeals, visit www.txcourts.gov.

COMMENTARIES  Ch. 6. Record on Appeal  B. Clerk's Record    §2.    Duties of Trial-Court Clerk

§2.1  For trial.  Gov't Code §51.303 & TRCP 74, 75, 75a, & 75b prescribe the duties of the trial-court clerk in the trial of the case, which are the following:

1.  File papers.  Receive & file the papers in the case.  *See* Gov't Code §51.303(a); TRCP 74, 75.

2.  Receive exhibits.  Receive & maintain all the exhibits in the case.  TRCP 75a, 75b.

§2.2  For appeal.  TRAP 34.5(a) & the Order Directing the Form of the Appellate Record (order appended to TRAPs, p. 510) prescribe the duties of the trial-court clerk in the appeal of the case, which are the following:

1.  Prepare record.  On receiving a notice of appeal, the clerk must prepare & file a clerk's record without waiting for a request from the parties if the appellant pays for or makes arrangements to pay for the record or shows that she is entitled to appeal without paying fees.  *See* Trap 34.5(a), 35.3(a)(2); Order Directing the Form of the Appellate Record, Rule 1.1 (order appended to TRAPs, p. 510).  See "Deadline to File Appellate Record in Court of Appeals," ch. 6-A, §5, p. 226; "Costs of Clerk's Record," §6, p. 236; "Filing Clerk's Record," §8, p. 237.  The clerk should prepare only one consolidated record in a case, even if more that one notice of appeal or request for inclusion of items is filed.  Order Directing the Form of the Appellate Record, Rule 1.1 (order appended to TRAPs, p. 510).  In preparing the record, whether electronic or paper, the clerk must do the following:

(1)  Gather documents.  The clerk must gather the documents required by TRAP 34.5(a) (see "requirements," §3.1, p. 234) & those requested by any party

under TRAP 34.5(b) (see "Requesting Clerk's Record," §4, p. 235). Order Direction the Form of the Appellate Record, Rule 1.1(a) (order appended to TRAPs, p. 510). Each document must show the filing date. *Id.*, Rule 1.1(c), p. 510. Each order & judgment must show the date of signing by the judge, unless the date is unknown, *See id.*, Rule 1.1(g), p. 510.

(2) Arrange documents in chronological order. The clerk must arrange the documents in ascending chronological order by date of filing or occurrence. Order Directing the Form of the Appellate Record, Rule 1.1(d) (order appended to TRAPs, p. 510). Each individual document must start on a new page, *Id.*, Rule 1.1(b), p. 510.

(3) Number pages. The clerk must number pages consecutively at the bottom of the page. Order Direction the Form of the Appellate Record, Rule 1.1(e) (order appended to TRAPs, p. 510). Page numbering must start on the front cover of the first volume of the clerk's record & continue to the final page of the record without regard for the number of volumes in the record. *Id.* Each page---including the front & back covers, the table of contents, the certification page, & any separator pages---must be numbered. *Id.*

§3. Contents of Clerk's Record

11. Other documents designated by the parties to be included in the clerk's record. TRAP 34.5(a)(13). See "Requesting Clerk's Record," §4, this page.

§3.2 Consultation. The clerk may consult with the parties about the contents of the clerk's record. TRAP 34.5(h).

§4. Requesting Clerk's Record

At any time before the clerk prepares the record, either party may make a written request asking the trial-court clerk to include in the record other documents in addition to those listed in TRAP 34.5(a). TRAP 34.5(b)(1). Although it is not required, a party should specify in writing all the documents to be included in the clerk's record, even those listed in TRAP 34.5(a).

*PRACTICE TIP*

*In an accelerated appeal, it is easier & faster to bypass the clerk & file a record composed of sworn & uncontroverted copies of the relevant documents. The parties may file a record of copies of documents compiled by the parties instead of asking the clerk to prepare the record. TRAP 28.1(e).*

§4.1 Specific request. If a party wants the clerk's record to include items beyond those required by TRAP 34.5(a), the party should send a letter to the clerk specifically describing the items to be included. TRAP 34.5(b)(1),(b)(2); *see. e.g., Excel Corp. v. Porras*, 14 S.W.3d 307, 311 (Tex.App.---Corpus Christi 1999, pet. denied) (request for "the file" is to vague). See FORM 6B:1. The letter should be sent before the clerk prepares the record. TRAP 34.5(b)(1). If, however a party discovers a document has been omitted after the clerk's record is prepared & filed, the party can move to have the record supplemented. See "Supplementing Record," ch. 6-A, §7, p. 229. The party cannot ask the clerk to include in the record all the documents filed in the case. *See* TRAP 34.5(b)(2) (clerk must disregard general requests for "all papers filed in the case"). The following are some additional documents that a party should consider requesting for the record:

I should have been able to get a copy from the County Court at Law No. 2 Clerk, but Morgan was not there & the other Clerk I did not ask for her name because they get so upset when I do. I ask her pursuant to said book point in part highlighted as to that I wanted a copy of the Docketing Statement, She says She doesn't know anything about that book I'm holding & She could not help me. I don't understand what is going on here! Why are the Clerks inept? I figured because the form is a uniform appellant court document & a court that has appellant jurisdiction is a court of appeals. I should have been able to get it, so I tried the District Clerks Office, & they said use the Law Library across the hall, I did & I got a copy off the Internet.

How do these clerks not know that all the rules of Appellant Procedure apply in Trial Courts of Appellant Jurisdiction, Duties of Trial Court Clerk; same book I used to try to get the docketing statement. Addressed above.

2. Deadlines in an accelerated appeal.

(1) Notice of appeal. Unless otherwise provided by statute, the notice of appeal generally must be filed within 20 days after the judgment or order being appealed was signed or within the time allowed for an extension under TRAP 26.3. *See* TRAP 26.1(b), 26.3; *see, e.g.*, Health & Safety Code §574.070(b) (notice of appeal from order requiring court-ordered mental-health services must be filed no later than ten days after order). See " Accelerated appeal," ch. 5-A. §5.2.2, p. 208. The filing of a post judgment motion does not extend the time for perfecting an accelerated appeal. TRAP 28.1(b). See "Note," ch. 5-A, §5.2.2(1).

A question I address is whether a Texas court can constitutionally exercise jurisdiction over the defendant.

Texas Rules of Civil Appeals chapter 1. H. §2 Filing fees in the appellate courts §2.1, 1. 1-1 3 (sic) cost of this appeal proceeding is $195.00.

I don't think this court or the municipal court are practicing justice, other wise I would have already received my rightful remedy. I think they are practicing an adversarial system of law: based on a presumption of an amendment to the law: I contend they presume I created, i.e. that they have a probability of cause to proceed, that neither exists nor do they have the right to enforce.

Pursuant to the Texas criminal code complaints against a clerk go to the judge she works for or is handling a filing too, thus I am complaining to you about her, as well as the justice department.

I filled a writ of prohibition, not an interlocutory appeal, the writ was supposed to: with in a level of reason it was to be acted upon in an earliest means possible kind of manner, except over a month of delay has accrued, & the 25 has come & gone, on the 25 judge Jendrzey postponed the hearing scheduled for the 25th on behalf of the filed writ. I can see where judge Jendrzey is required to postpone the proceedings in the event of an interlocutory appeal, but the writ commentary says this statutory courts was supposed to rule if possible before the day in question.

Texas Rules Appellate Procedure 9. Service 9.5. (a) *Service of all documents required.* At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding. .... Except in original proceedings, a party need not serve a copy of the record.

Texas Rules Appellate Procedure 12. DUTIES OF THE APPELLATE CLERK

12.1 Docketing the Case. On receiving a copy of the notice of appeal, the petition for review, the petition for discretionary review, the petition in an original proceeding, or a certified question, the appellate clerk must:

(a) endorse on the document the date of receipt;

(b) collect any filing fee;

(c) docket the case;

(d) notify all parties of the receipt of the document; &

(e) if the document filed is a petition for review filed in the Supreme Court, notify the court of appeals clerk of the filing of the petition.

12.2 below says how the document was supposed to be numbered.

12.2 Docket Numbers. The clerk must put the case's docket number on each item received in connection with the case & must put the docket number on the envelope in which the record is stored.

(a) *Numbering system.* Each case filed in a court of appeals must be assigned a docket number consisting of the following four parts, separated by hyphens:

(1) the number of the court of appeals district;

(2) the last tow digits of the year in which the case is filed;

(3) the number assigned to the case; &

(4) the designation "CV" for a civil case or "CR" for a criminal case.

(b) *Numbering order.* Each case must be docketed in the order of its filing.

(c) *Multiple notices of appeal.* All notices of appeal filed in the same case must be given the same docket number.

(d) *Appeals not yet filed.* A motion relating to an appeal that has been perfected but not yet filed must be docketed & assigned a docket number that will also be assigned to the appeal when it is filed.

12.4 Withdrawing Papers. The clerk may permit the record or other filed item to be taken from the clerk's office at any time, on the following conditions:

I provide 12.4 in objection to the municipal clerks refusing to provide me pleadings summaries, or a list of documents filed or entered into the record.

I provide Stokes of 12.6 below because I think this court has a responsibility to strongly encourage the clerks to adhere to the principles of law or reprimand the clerks if they have been trained not to violate the state filing law costing me grief, time, & considerable loss of money. This portion of the damages will be added to the over all costs I seek against the city because the municipality also participated in the deprivation of my right to file by also refusing to except the writ.

12.6 Notices of Court's Judgments & Orders. In any proceeding, the clerk of an appellate court must promptly send a notice of any judgment, mandate, or other court order to all parties to the proceeding.

*Stokes v. Aberdeen Ins.,* 917 S.W.2d 267, 268 (Tex.1996). "<u>The clerk is an officer of the court subject to the court's direction &</u> control in exercising ministerial duties such as filing documents. The clerk receives documents for filing on behalf of the court."

*Biffle v. Morton Rubber Indus.,* 785 S.W.2d 143, 144 (Tex.1990). "<u>An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is file marked.</u> The purpose of this rule is to protect a diligent party form being penalized by the errors & omissions of the court clerk. Since [petitioner] satisfied his duty to file timely the [perfecting instrument], he should not be penalized for an error once the instrument was in the custody & control of the clerk."

*Nowsco Servs. Div. of Big Three Indus. v. Lassman,* 686 S.W.2d 179, 203

(Tex.App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). "[T]he provisions of [TRCP 457, now TRAP 12.6,] are mandatory & impose a duty upon the clerk of an appellate court to notify the attorney of record for each party of an action by the court in rendering judgment or granting or overruling a motion for rehearing."

I provide the scope of the appellate rules as well as allot of the other authorities here in because the clerks of Ellis county clerks office seem to need explicit briefing & or direction in regards to any thing I have tried to get them to do. I put this document together in part from notes I saved in regards to each challenge I have got from the Ellis county clerks office.

I can't believe these clerks would suggest the appellate rules don't apply in a trial court such as this county court at law No. 2 which has appellate jurisdiction as well as original writ jurisdiction.

I can't believe they would suggest I should check the local rules, when they should know they don't have any, that's probably why they refused to proved them contrary to TRAP 1.2 (b) below, when I ask for them.

SECTION ONE: GENERAL PROVISIONS

TRAP 1. SCOPE OF RULES; LOCAL RULES OF COURTS OF APPEALS

1.1 Scope. These rules govern procedure in appellate courts & before appellate judges & post-trial procedure in trial courts in criminal cases.

1.2 Local Rules.

(a) *Promulgation.* A court of appeals may promulgate rules governing its practice that are not inconsistent with these rules. Local rules governing civil cases must first be approved by the Supreme Court. Local rules governing criminal cases must first be approved by the Court of Criminal Appeals.

(b) *Copies.* The clerk must provide a copy of the court's local rules to anyone who request it.

TRAP 3. DEFINITIONS; UNIFORM TERMINOLOGY

3.1 Definition.

(b) *Appellate court* means the courts of appeals, the Court of Criminal

Appeals, & the Supreme Court.

(f) *Relator* means a person seeking relief in an original proceeding in an appellate court other that by habeas corpus in a criminal case.

3.2 Uniform Terminology in Criminal Cases. In documents filed in criminal appeals, the parties are the *State* & the *appellant*. But if the State has appealed under Article 44.01 of the Code of Criminal Procedure, the defendant is the *appellee*. Otherwise, papers should use real manes for parties, & such labels as *appellee,*

History of TRAP 3: Former TRAP 3 was amended to delete the definitions for *court below* & the reference to "suing out a writ of error to the court of appeals"

TEXAS RULES OF APPELLANT PROCEDURE: TRAP 34. APPELLATE RECORD

34.5 Clerk's Record.

(a) *Contents.* Unless the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following:

(2) in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court & overruled, any written waiver, any written stipulation, &, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

(3) the court's docket sheet;

(7) the notice of appeal;

(12) in criminal cases, the trial court's certification of the defendant's right of appeal under Rule 25.2; &

(1) *Time for request.* At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record.

(2) *Request must be specific.* A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can

readily identify it. The clerk will disregard a general designation, such as one for "all papers filed in the case."

(2) If the appellate court in a criminal case orders the trial court clerk must prepare, certify, & file in the appellate court a supplemental clerk's record containing those findings & conclusions.

(3) Any supplemental clerk's record will be part of the appellate record.

(g) *Additional copies of clerk's record in criminal cases.* In criminal cases, the clerk's record must be made in duplicate, The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

TEXAS RULES OF APPELLANT PROCEDURE: TRAP 35.2 Criminal Cases. The appellate record must be filed in the appellate court:

35.3 Responsibility for Filing Record.

(a) *Clerk's record.* The trial court clerk is responsible for preparing, certifying, & timely filing the clerk's record if:

(1) A notice of appeal has been filed, & in criminal proceedings, the trial court has certified the defendant's right of appeal, as required by Rule 25.2(d); &

(2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee.

TEXAS CIVIL APPEALS COMMENTARIES Chapter 1. A. §3.1 Copies of local rules. The clerk of the court of appeals must provide a copy of the court's local rules to anyone who requests one. TRAP 1.2(b). Each court that has adopted local rules has posted them on the court's webpage, accessible through www.txcourts.gov. The local rules are also reprinted in this book beginning.

TEXAS CIVIL APPEALS COMMENTARIES Chapter 1. E. §7.4 Docketing. The clerk must put the case's docket number on all documents received for filing. TRAP 12.2.

1. Notice of filings.

(1) No notice required. The TRAPs do not require the clerk to give the

other parties notice of the filing of most documents. The rules presume that other parties received sufficient notice when the filing party serves them with a copy of the document. *See* TRAP 9.5(a), (b).

(2) Notice required. The only documents for which the clerk must give the other parties notice of filing are (1) the notice of appeal, (2) the clerk's or reporter's record, (3) the petition for review, (4) the petition in an original proceeding,

2. Notice of rulings. The clerk must "promptly"

§7.6 Collection of filing fees.

1. Due when filed. The clerk collects filing fees for most appellate documents. *See* TRAP 5. For the list of documents for which a filing fee is required, see "Filing Fees in the Appellate Courts," chart 1-1, p. 64. The clerk may also collect additional fees when certain documents are filed. See "Additional fees," ch. 1-H, §2.1.2, p. 64. Filing fees for e-filed documents can be paid electronically. See "E-filing fees," §5.1.3(4), p. 44.

2. Filing complete when paid. If a document is filed without payment of the filing fee, it is considered conditionally filed on the date it was presented to the clerk. *Garza v. Garcia*, 137 S.W.3d 36, 37,-38 (Tex.2004) (motion for new trial); *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex.1996) (same); *jamar v. Patterson*, 868, S.W.2d 318, 319 (Tex.1993) (same). The filing is complete when the fee is paid, but the document is considered filed on the date it was first presented to the clerk. , 868 S.W.2d at 319.

Reiterated previously filed Law & Contentions

I am presenting this way in hopes that the court of criminal appeals will grant me the relief I seek without further briefing, I consider proper etiquette to be towards such as these people who hold such distain for the principles of law, to warrant such as a summary action as I am seeking this court of criminal appeals to grant.

This U.S. law is another response I provide to the Ellis county clerks

statement they are not an Attorney.

Attorneys have a right to the courts if they are a real party to the action. There is no right to be an attorney in the practice of law. Lockwood, Ex parte, 154 U.S. 116 (1894).

"The practice of law is an occupation of common right" As per Sims v. Ahrens, 271 S.W. 720 (1925) & upheld that "they [attorneys] cannot license the practice of law." As per the Supreme Court in Schware v. Board of Examiners, 353 U.S. 238, 239.

(a) "Once jurisdiction is challenged, it must be proven." Hagens v. Lavine, 415 U.S. 533 Note 3.

(b) "The law provides that once State & Federal jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

(c) "Jurisdiction can be challenged at anytime, even on final determination." Basso v. Utah Power & Light Co., 495 F 2nd 906 at 910.

(d) "Where there is absence of proof of jurisdiction, all administrative & judicial proceedings are a nullity, & confer no right, offer no protection, & afford no justification, & may be rejected upon direct collateral attack. §§Thompson v. Tolmie, 2 Pet. 157, 7L. Ed. 381; Griffith v. Frazier; 8 Cr. 9. 3 S. Ed. 471.

This delay is clearly a clear abuse of discretion....& I have no other adequate appellate remedy.

COMMENTARIES CHAPTER 10. ORIGINAL PROCEEDINGS B. WRIT OF MANDAMUS §4. STANDARD OF REVIEW Originally, a writ of mandamus would issue only to compel the performance of a ministerial duty. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Since the 1950s, however, the Supreme Court has expanded the writ power to include a correction of a clear abuse of discretion when there is no other adequate appellate remedy. *Id.*

Another set of rules that just reiterates my point that Cindy & her deputy clerks actions are deliberate acts of fraud! I told her I did not have the time to brief her & or look up all these rules on how she was supposed to conduct a filing

& they took advantage of my lack of ability which was just wrong & it hurt me. If I have to start briefing each time I want to utilize what should be a smooth judicious opportunity, my costs are going to go up unnecessarily. I have to get the interest rates from the governor before I supplement my damages sought again.

CODE OF CRIMINAL PROCEDURE CHAPTER 2. GENERAL DUTIES OF OFFICERS Art. 2.21. DUTY OF CLERKS

(a) In a criminal proceeding, a clerk of the district or county court shall:

(1) receive & file all papers;

(2) receive all exhibits at the conclusion of the proceeding;

(3) issue all process;

(4) accept & file electronic documents received from the defendant, if the clerk accepts electronic documents from an attorney representing the state;

(5) accept & file digital multimedia evidence received from the defendant, if the clerk accepts digital multimedia evidence from an attorney representing the state; &

(6) perform all other duties imposed on the clerk by law.

Art. 2.22. POWER OF DEPUTY CLERKS

Whenever a duty is imposed upon the clerk of the district or county court, the same may be lawfully performed by his deputy.

There courts criminal & appellant jurisdiction. having appellant deputy's authority such as Art. 2.22 above that equates these clerks knowingly violated my appellant rights denying me my timely obtaining judicial opportunities. If they are endowed as deputies of the Austin's Texas Court of Criminal Appeals: see:

Government Code Title 2. Chapter 51. Clerks. Subtitle D. Chapter 51.

Subchapter C. Clerks of Courts of Appeals

GOVT. §51.201. APPOINTMENT; RESIDENCE; BOND; SEAL

(d) Each clerk shall provide a seal for the use of the court. The seal must

have a five-point star & must be engraved with the words "Court of Appeals of the State of Texas."

CODE OF CRIMINAL PROCEDURE CHAPTER 36. Art. 36.02.

Art. 36.02. TESTIMONY AT ANY TIME

*Martinez v. State*, 336 S.W.3d 338, 341 (Tex.App.---San Antonio 2010, no pet.). "Until the argument of a case has concluded, the trial court has the discretionary power to reconsider its interlocutory rulings."

*Allman v. State*, 164 S.W.3d 717, 721 (Tex.App. Austin 2005, no pet.). Article 36.02 makes it clear that the court had no discretion or authority to admit evidence after the close of argument. "We conclude that courts error affected Allman's substantial rights & cannot be disregarded." *But see Love v. State*, this page.

*Cantu v. State*, 662 S.W.2d 455,458 (Tex.App.---Corpus Christi 1983, not pet.). "Although Art. 36.02...applies only to trials before the jury, the sane general rule should be no less applicable to probation hearings, which by their very nature are administrative in nature."

CODE OF CRIMINAL PROCEDURE CHAPTER 3. Art. 3.02. CRIMINAL ACTION

A criminal action is prosecuted in the name of the State of Texas against the accused, & is conducted by some person acting under the authority of the State, in accordance with its laws.

History of CCP art. 3.02: Acts 1965, 59th Leg., vol. 2, ch. 722.

ANNOTATIONS

*Burks v. State*, 795 S.W.2d 913, 915 (Tex.App.Amarillo 1990, pet. Ref'd). "A crime constitutes an offense against the sovereign. For that reason, a criminal action is pursued under the authority & in the name of the State."

*Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981). "'[J]urisdiction' is comprised not of the 'place' of the prosecution, but of the case, conveyed by statute or constitutional provision, coupled with 'personal'

jurisdiction over the accused,

Being familiar with the intent of the principles of our founding law & the nature of our Paramount: Inviolable, Inalienable, Rights, the only plausible assumption evidentially possible regarding Art. 3. 02 in order for it not to conflict & thus be unconstitutional is for the term sovereign to mean & or connote no more than possessing the same right as any one under the laws as apposed to a kings feudal right. Thus the only possible literal association possible to describe the nature of such parties' as described in Art. 3. 02. Is one of a person with a right of restoration or e.g. rem right a right to be made whole, which means you have to have a damage I caused. So if you are not a damaged party e.g. I have not damaged you. Literally you have no right to have me make you whole. The only other possibility is that you want my consent, you want a contract of some form with me for my eternal liability to owe you a debt our for fathers secured us from as seen in such verbatim as the bar of involuntary servitude without just cause. I emphatically do not consent to being liable as charged!!!

CODE OF CRIMINAL PROCEDURE CHAPTER 4. Art. 4.03. COURTS OF APPEALS

The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed.

*Owens v. State*, 851 S.W.2d 398, 401 (Tex.App.Fort Worth 1993, no pet.). "[T]his court [of appeals does not have] the power to reform [a] prior conviction in a post-conviction collateral attack. [O]nly the court of criminal appeals has such power."

CODE OF CRIMINAL PROCEDURE CHAPTER 45. Art. 45.019. REQUISITES OF COMPLAINT

(f) If the defendant does not object to a defendant, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives & forfeit's the right to object to the

defect, error, or irregularity. Nothing in this article prohibits a trial court from requiring that an objection to a charging instrument be made at an earlier time.

*Sanchez v. State*, 138 S.W.3d 324, 330 (Tex.Crim.App.2004). "Art. 45.019(f) means what it says, that a party can move to quash a charging instrument at any time prior to the day on which the trial on the merits commences."

CODE OF CRIMINAL PROCEDURE CHAPTER 44 Art. 44.25. CASES REMANDED

We. Therefore overrule *Clewis* & decide that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *At 902*. [T]he factual-sufficiency standard ... may be reformulated as follows: 'Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt.'" *But see Johnson v. State*, 419 S.W.3d 665, 671 n.2 (Tex.App.---Houston [1st Dist.] 2013, pet. Ref'd) *Brooks* in light of history of Texas Constitution & jurisprudence).

*Wooley v. State*, 273 S.W.3d 260 (Tex.Crim.App.2008). See annotation under Code of Criminal Procedure art. 36.19,.

CODE OF CRIMINAL PROCEDURE CHAPTER 45 Art. 45.032. DIRECTED VERDICT

If, upon the trial of a case in a justice or municipal court, the state fails to prove a prima facie case of the offense alleged in the complaint, the defendant is entitled to a directed verdict of "not guilty."

CODE OF CRIMINAL PROCEDURE CHAPTER 45 Art. 45.043. EFFECT OF APPEAL

When the defendant files the appeal bond required by law with the justice or municipal court, all further proceedings in the case in the justice or municipal court shall cease.

I look a *Burks v. State*, 795 S.W.2d 913, 915 (Tex.App.Amarillo 1990, pet. Ref'd). & *Owens v. State*, 851 S.W.2d 398, 401 (Tex.App.Fort Worth 1993, no pet.)., above & Art. 45.019. & Art. 44.25 are what I call the criminal codes' 'If un objected its excepted contract clauses' a feudal right long since barred. Neither the state nor any under color of her law have the right to try to presume any such thing, such is even contrary to the principles of the law & thus unlawful when it is done civilly.

My thoughts go to thinking about the fraud involved in the theft of my dads home, they: 'Ellis county' in there prosecution of advalorem taxes in 2002 if treated as a criminal mater such as a sovereign acting on a feudal right would act to take my dads land away contrary to the principles of law. He argued just as I am now such as I am not affiliated with you in such a manner to incur such liability. We both argue that there had to be a waver of our rights e.g. an explicit contract to incur such liability. The principle intent of the law is certainly not served by enforcing a nonexistent contract contrary to the law as justice demands. The law calls it involuntary servitude. This just gives me an idea for my next step to go to the Austin criminal court of Appeals to see if Art. 4.04. Sec. 2. Below entails the Austin criminal court of Appeals using its sound judicial discretion.

Even to this day our right to redress is paramount. & due to the fraud involve, etc...it would not be an abuse of its discretion if it were to see fit to grant such as is sought

There are many forms of promulgation such as the blurring of the criminal & civil law, since as with my criminal defense I am finding it impossible to see how Waxahachie is not trying to prosecute civilly in a criminal forum & I find it impossible to see how my dad was not prosecuted feudally....criminally for advalorem tax delinquency in a civil forum. In either case a fraudulent application of feudal law: a fraud that has yet to be constitutionally redressed, & Austin would most appropriately be using its sound judicial discretion, to put an end to this affront to the law, & this 15 year war against my families rights.

CODE OF CRIMINAL PROCEDURE CHAPTER 4. Art. 4.04. COURT OF CRIMINAL APPEALS

Sec. 1. The Court of Criminal Appeals & each judge thereof shall have, & is hereby given, the power & authority to grant & issue & cause the issuance of writs of habeas corpus, &, in criminal law matters, the writs of mandamus, procedendo, prohibition, & certiorari. The court & each judge thereof shall have, & is hereby given, the power & authority to grant & issue & cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

Sec. 2. The Court of Criminal Appeals shall have, & is hereby given, final appellate & review jurisdiction in criminal cases coextensive with the limits of the state, & its determinations shall be final. The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for such discretionary review bring filed by one of the parties, review any decision of a court of appeals in a criminal case. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion.

*Ex parte Brand,* 822 S.W.2d 636, 639 (Tex.Crim.App.1992). "[W]e now decide that the writ [of common-law certiorari] shall not issue in any case in which there is a right to appeal."

*Homan v. Hughes,* 708 S.W.2d 555, 557 (Tex.Crim.App.1986). "This Court has jurisdiction to issue writs of mandamus...." *See also State ex rel. Curry v. Davis,* 689 S.W.2d 214, 215 (Tex.Crim.App.1984).

Below is just more to the point of error on the delay, of this county court at law delaying me Justice.

CODE OF CRIMINAL PROCEDURE CHAPTER 4. Art. 4.08. APPELLATE JURISDICTION OF COUNTY COURTS

The county courts shall have appellate jurisdiction in criminal cases of

which justice courts & other inferior courts have original jurisdiction.

CODE OF CRIMINAL PROCEDURE CHAPTER 4. Art. 4.09. APPEALS FROM INFERIOR COURT

If the jurisdiction of any county court has been transferred to the district court or to a county court at law, then an appeal from justice or other inferior court will lie to the court to which such appellate jurisdiction has been transferred.

I contend the writ of prohibition I filed, should have been acted upon without delay as required. There is no lawful right in the clerk or the court in exercising the power of its appellate courts jurisdiction, in its duty to affect my justice, yet its authority was at least in part or as a whole: It has been exercised in a manner or degree not sanctioned by law.

No evidence obtained by an officer or other person in violation of the Constitution or law of the State of Texas, or of the Constitution or law of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. & we know those officers testimony or my plead facts are not evidence rising to the level appropriate to convict me on. So what is the point of torturing me.

CODE OF CRIMINAL PROCEDURE CHAPTER 45 45. Art. 38.23. EVIDENCE NOT TO BE USED

(a) No evidence obtained by an officer or other person in violation of the Constitution or law of the State of Texas, or of the Constitution or law of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

If 44. 07., & 44. 17. Is the case even for such as my writ of prohibition than this county court at law No. 2 needs to treat my writ as a plea to the jurisdiction as it should have to began with. I also contend that 44.07 regarding right to appeal, that an appeal is just a form of review, the right is the point of the context, & thus this court' error is in its delay. Thus in principle with the laws:

my rights shall not be abridged. Remember U.S. Const Art. 6 sec 2 the rule regarding the nature & precedence of treaty law. Note: my rights are secured by this powerful fact that my right must not be diminished in any way without my express consent.

CODE OF CRIMINAL PROCEDURE CHAPTER 44 Art. 44.07. RIGHT OF APPEAL NOT ABRIDGED

The right of appeal, as otherwise provided by law, shall in no wise be abridged by any provision of this chapter.

CODE OF CRIMINAL PROCEDURE CHAPTER 44 Art. 44.17. APPEAL TO COUNTY COURT, HOW CONDUCTED

In all appeals to a county court from justice courts & municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court. An appeal to the county court from a municipal court of record may be based only on errors reflected in the record.

GOVERNMENT CODE TITLE 2. JUDICIAL BRANCH CHAPTER 25.

STATUTORY COUNTY COURTS

GOVT §25.0001. (a) This subchapter applies to each statutory county court in this state.

GOVT §25.0003. (a) A statutory county court has jurisdiction over all causes & proceedings, civil & criminal, original & appellate, prescribed by law for county courts.

GOVT §25.0003. (c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:.......

GOVT. §25.0004. POWERS & DUTIES

(a) A statutory county court or its judge may issue writs of injunction, mandamus, sequestration, attachment, garnishment, certiorari, supersedes, & all

writs necessary for the enforcement of the jurisdiction of the court. It may issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the court or any court of inferior jurisdiction in the county.

(b) A statutory county court or its judge may punish for contempt as prescribed by general law.

(c) The judge of a statutory county court has all other powers, duties, immunities, & privileges provided by law for county court judges.

GOVT. §21.001 INHERENT POWER & DUTY OF COURTS

(a) A court has all powers necessary for the exercise of its jurisdiction & the enforcement of its lawful orders, including authority to issue the writs & orders necessary or proper in aid of its jurisdiction.

I provide §2.3 below to reiterate my concern expressed at the pretrial hearing wherein judge Jendrzey denied all motions. I ask if his order was meant to affect the pleading. I asked several times because I was aware of §2.3 below & judge Jendrzey said (sic) he was only ruling on the motions & not the pleadings.

Regardless I bring it up again to stop any fact finder from viewing the event as concussively muting my pleadings, because he said it did not. At any rate just in case a motion and a pleading are interchangeable you have my objection.

TEXAS RULES CIVIL TRIALS: COMMENTARIES CHAPTER 1. B. RULES OF PLEADING

§2. TYPES OF DOCUMENTS FILED WITH COURT

§2.3 Plea. "Plea" is an archaic term referring to certain defensive pleadings. *See Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). In most instances, the TRCPs replaced the term "plea" with "motion." *See, e.g., Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 447 (Tex.App.---Dallas 2006, no pet.)

TEXAS RULES CIVIL TRIALS: COMMENTARIES CHAPTER Ch. 2. Plaintiff's Lawsuit F. Choosing the Court---Jurisdiction

§ 4.2 3. Civil & criminal. County courts at law have jurisdiction over all

civil & criminal causes prescribed by law for constitutional county courts. Gov't Code §25.0003(a); *Weeks v. Hobson*, 877 S.W.2d 478, 480 n.1 (Tex.App.---Houston [1st Dist.] 1994, orig. proceeding).

TEXAS RULES OF APPEALS COMMENTARIES CHAPTER 12. B. §4.2 2. No adequate appellate remedy.

Determining whether an appellate remedy is adequate involves balancing "practical & prudential" considerations, such as the inevitability of reversal, the impairment of important substantive & procedural rights, the opportunity to give direction & guidance on the law that would otherwise be lost, & the waste of judicial resources on a proceeding. *See In re Essex*, 450 S.W.3d at 528; *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex.2008); *In re Prudential*, 148 S.W.3d at 136.

*PRACTICE TIP*

*A party seeking mandamus relief in which a remedy is technically available by appeal should argue that the remedy is inadequate because of "practical & prudential" considerations.*

TEXAS RULES OF APPEALS COMMENTARIES CHAPTER 12. C.

§4.3 Threatened interference.

A writ of prohibition will not issue once the lower court completes the challenged proceeding or act. *Marquez*, 885 S.W.2d at 457 n.1.

Supplemented Law I had gathered previously to brief on

1.    Code of Criminal Procedure Ch. 4 Courts & Criminal Jurisdiction Art. 4.01: What courts have jurisdiction in criminal action jurisdiction:

    a. The Court of Criminal Appeals.

    b. Courts of Appeals.

    c. The District Courts.

    d. The Criminal District Courts---Magistrates as noted at 5. Etc..

    e. The County Courts.

    f. All County Courts at Law with Criminal Jurisdiction.

2.    Ex parte: George 913 S.W. 2d. 523, 526 (Tex. Crim. App. 1995). Jurisdiction is something possessed by courts, not by judges, the judge is merely an officer of the court like the lawyers, the bailiff & the court reporter. He is not the court itself.

3.    Fairfield v. State 610 S.W. 2d. 771, 779 (Tex. Crim. App. 1981). Jurisdiction is comprised not of the place of the prosecution but of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision coupled with personal jurisdiction over the accused.

4.    Texas Rules Civil Appeals 2015 Chapter 10. Original Proceedings.

5.    *The general source of the Supreme Court's original-writ jurisdiction is Gov't Code §22.002. See Tex. Const, art. 5, §3; Deloitte & Touche LLP v. Fourteenth Ct. of Appeals, 951 S.W.2d 394, 396 (Tex.1997).*

6.    The general source of the courts of appeals original writ jurisdiction is Government Code §22.221. Same as above, Note Sec. , See Tex. Const. Art. 5 §6

7.    Texas Rules of Appellate Procedure. Original Proceedings Ch. 10 A §1. To determine the proper court for filing the petition see where to file §3.1 Note 10. A. §5. Note

8.    §1.1 Rule TRAP 52 Texas Courts Art. 5, §3 (Jurisdiction of the S. Ct.) Art. 5, §6 Original Jurisdiction of Courts of Appeals as prescribed by law'). Gov. Code §22.002 (writ power of S. Ct.) §22.122 (Writ Power of Court of Appeals).

9.    §1.2 Purpose A petition for original writ such as a writ of prohibition, is also know as a petition for extraordinary relief, it seeks relief form the actions of a certain institution, or individual, often the trial judge & is filed in the appellate court, extraordinary relief may be sought in the form of a writ for mandamus, prohibition, injunction, or habeas corpus.

10.    Texas Rules Appeals Procedure. Chap. 10. A. §3. Filing Procedure §3.1 Where to file.

11.    An original proceeding is commenced by filing a petition in the appropriate appellant court, TRAP 52.1. The court in which the petition for the original writ

is filed depends on whether a court of appeals or the supreme court has exclusive jurisdiction or whether they have concurrent jurisdiction.

12. The primary bases for the courts original writ jurisdiction are found in the Texas Constitution, & the Government Code. See, Tex. Const. Art. 5 §§3. 6. Government Code §§22.002, 22.221, for other statutory basis of original jurisdiction, see Baron, Mandamus 2010, at 14. 15.

13. If a court of appeals is unable to take immediate action-that is a panel cannot be assembled within the time when action must be taken because members of the court are ill, absent, or unavailable, the nearest court of appeals that is able to take immediate action may do so. Gov't. Code 22.220 (b). See, TRAP 17.1, 17.2, see e.g.. In re. court, 415 S.W. 3d 903, 904 (Tex.-App. Texarkana, 2013 original proceeding).

14. Texas Rules Appellant Procedure Commentaries Chap. 10A §3.1 1. & 2 & 2.(1).

15. 1. When court has exclusive jurisdiction over an original proceeding. See, Gov't Code §660, 2035(g): When a court has exclusive jurisdiction, the petition must be brought in that court.

16. 2. When court has concurrent jurisdiction, Gov't Code 22.221. D: (1) When a court of appeals & the supreme court have concurrent jurisdiction the petition should generally be brought first in the court of appeals. TRAP 52.3(e). The exception for filing first in the supreme court is compelling reason.

17. Ch. 10 A §3.2: How to file: For a discussion of filing methods is the appellant court. See, How to file, Ch. 1. E §5.

18, Ch. 10 A §3.3: With whom to file. A party who is not e-filing should file the document with the appropriate clerk. TRAP 9.2(a), 52.1: Further how to file; Ch. 1-E §4.

19. Ch. 10 A §3.4 TRAP' do not provide a specific deadline for filing an original proceeding;

20. Ch. 10 A §3.5, what to file:

1. Required document:

    (1). Petition for Writ.

    (2). Appendix.

    (3). Record.

21. General Rules for Writ of Prohibition. Texas Appeals Rules Ch. 10. C. §1.1. TRAP 52 Tex. Const. Art. 5, §3. §6. Gov't. Code §22.221(a).

22. Tex. Rules Appeals Ch. 10. C.

23. §4.1 Issued by higher court to lower court, a writ of prohibition is issued by court of superior jurisdiction t a court of inferior jurisdiction, Holloway v. Fifth Ct. of Appeals, 767 S.W.2d 680, 682-83 (Tex.1989). The issuance of a writ of prohibition is an exercise of a higher courts original jurisdiction, Wolf v. Young 275 S.W.2d. 741, 743. (Tex.App. San Antonio 1955, orig. proceedings).

24. §5.3 To prevent lower court from exercising jurisdiction when it has non. A writ of prohibition may issue to prohibit a lower court from engaging in acts or issuing orders from which the court has no jurisdictional authority, State Bar v. Jefferson, 942 & S.W.2d 575, 576 (Tex.1997).

25. Texas Rules Appeals Ch. 1.E.

    §4 With whom to file.

    §4.2 Paper filing. TRAP 9.2(c)(1), (c)(3). Documents may be filed by presenting them to the court clerk or a justice on the court. TRAP 9.2(a) §4.2. 1. Clerk appellate documents generally should be presented to the court clerk for filing. TRAP 9.2(a)(1). Parties may communicate with the appellate court about a case only through the clerk.

26. A document is considered filed when it reaches the court, see Stokes v. Aberdeen Ins, 917 S.W.2d. 267. 268(Tex.1996). Mail document to proper court address controls over mailing documents proper clerk within court.

27. Texas Rules of Appellate Procedure.

    TRAP 32. DOCKETING STATEMENT

    32.2 Criminal Cases. Upon perfecting the appeal in a criminal case, the

appellant must file in the appellate court a docketing statement that includes the following information:

29.     TRAP 52 Original Proceedings. Section Three Original Proceedings in the supreme court & the courts of appeals. TRAP

30.     TRAP 52.1 Commencement. An original appellant proceeding seeking extraordinary relief such as a Writ of Habeas Corpus, Mandamus, Prohibition, Injunction, or Quo Warranto is commenced by filing a petition with the clerk of the appropriate appellant court.

31.     No state may convert a right into a privilege & require a license or fee for the exercise of that right! See Murdock v. Pennsylvania, 319 US. 105.

32.     If a STATE does erroneously require a license or fee for exercise of that right, the citizen may ignore the license & or fee & exercise the right with total impunity! See Shuttles Worth v. Birmingham 373 US. 262.

33.     You cannot be punished for the exercise of a constitutional right! See Miller v. United States 230 F 2nd 486.

34.     You have a perfect defense to the element of willfulness if you rely on the advice of counsel or upon a decision of the United States Supreme Court as a defense. See U.S. v. Bishop, 412 U.S. 346.

35.     The constitution is required to be interpreted in favor of you "the citizen" beneficiary for the protection of your rights & property. See Brars v. United States 273 U.S. 28 & 16th AM Juris Prudence 2nd Constitution Section # 97.

36.     The U.S. Supreme Court has held that it is a violation of due process clause of the 14th Amendment to shift the burden of proof in a criminal case to the Petitioner. See Lowry v. State 692 S.W. 2d 86. 87 Tex Crim App 1985.

37.     It is reversible error for the trial court, over the objection of the state to fail to charge upon the presumption of innocence. See Garcia v. State 634 S.W. 2d 888, 893 (Tex App. San Antonio 1982, no pet.).

38.     The Texas Court of Criminal Appeals: " This court has held that there is no such license known to Texas Law as a driver license": Frank John Gallos v. State,

167 Tex. Crim. 375, 320 S.W. 2d 360.

39.    The Texas Court of Criminal Appeals: An information charging the driver of a motor vehicle upon a public highway without a drivers license charges no offense as there is no such drivers license known to the law: Keith Brooks v. State.

40.    The "RIGHT" to travel is part of the liberty of which the citizen cannot be deprived without due process of the law under the Amendment. See: Kent v. Dulles, 357 US 116. 125 U.S. Supreme Court.

41.    In Hassell v. State 149 Tex. Crim 333, 194 S.W. 2d 400, an information alleging that the Petitioner operated a motor vehicle upon a public highway without a drivers license was insufficient to charge an offense since a drives license is not known to the law.

42.    In Barder v. State, 149 Tex. Crim 18, 191 S.W. 2d 879, a complaint charging the operation of an automobile & failure to display an operators license on demand of a peace officer, was held insufficient to charge offense in the absence of an allegation that accused was on the date of the alleged offense, a licensee. I had this in my pleadings, I figured an allegation could not strictly exist if it was out of context with the principle intent of our founding law thus I still don't see how this case of: Barder can or could in essence be used against me.

Relief Sought

Please terminate the criminal action for lack of jurisdiction, to grant the judgments sought in the name of the state, by the Waxahachie municipality .

Word count: there are about 11056 words here in.

As an interested party, Non-attorney, Witness, Man & Living Spirit Expressly Reserving All Liberties.

Prepared & submitted on or about the 24th day of September 2015, by Petitioner:

Frederick-William: Van Horn
2334 S. Hwy. 77
Waxahachie, Texas  75165
Ph. No. 972 937 6059

| | | |
|---|---|---|
| STATE OF TEXAS: | § | IN THE ELLIS COUNTY |
| | § | |
| PLAINTIFF | § | COURT AT LAW No. 2 |
| | § | |
| vs. | § | 109 SOUTH JACKSON St. |
| | § | |
| Frederick-William: Van Horn | § | WAXAHACHIE, TEXAS |
| | § | |
| Appellant | § | 75168 |

# CERTIFICATION OF SERVICE

1.     I Relater Frederick-William: Van Horn, hereinafter referred to as Affiant, being of majority in age, competent to testify, as self realized entity, free man upon the land, my yes be yes, my no be no, do state that the truths & facts herein are of first hand personal knowledge, true, correct, complete, certain, not misleading, under penalty of perjury, & in accordance with Title 28 USC 1746 & applicable laws of the State of Texas so help me YHVH, &:

2.     That, Affiant on or about September 24th , 2015, produced the attached notice of appeal, to be filed/served in regards to, Doc. No. E0004327 regarding said cause this day in the Ellis County Court at Law No. 2 Clerks Office, Waxahachie, Texas 75168, &:

3.     That, Affiant on or about this September 24th, 2015, Affiant served the attached, "Affiant' above listed document, etc.", with attachments thereto, hereinafter documents, by filling them also in person at the Waxahachie municipal court at 401 South Rogers & or by placing said documents properly enclosed in a sealed wrapper, postage prepaid, at the Waxahachie, or other, Texas U.S. Post Offices, listed below:

The Current filing entails Appellant' Notice of appeal, Pleading & volume 1 of 2

& volume 2 of 2 of the appellants record prepared by Appellant.

1.      Court Of Criminal Appeals
P.O. Box 12308
Austin Texas 78711
Ph: 512 463 1551

2.      The State of Texas
Texas Attorney General Office
209 W. 14th St., or
P.O. Box 12548
Austin, Texas  78711

3.      County Court At Law No. 2
.via Cindy Polley Ellis County Clerks Office at
109 South Jackson St.
Waxahachie, Texas 75168

4.      Waxahachie Municipal Court
401 S. Rogers,
Waxahachie, Texas 75168
Hand delivered.

5.      The Governor of the State of  Texas
P.O. Box 12428
Austin, Texas 78711

6.      Mayor of Waxahachie:
P.O. Box 757
Waxahachie, Texas 75168

7.      State Commission on Judicial Conduct
P.O. Box 12265
Austin, Texas 78711


Further Affiant saith naught.

As an interested party, Non-attorney, Witness, Man & Living Spirit Expressly Reserving All Liberties.
Prepared & submitted on or about the 24th, day of September 2015, by Affiant:

_____,
Frederick-William: Van Horn
2334 S. Hwy. 77
Waxahachie, Texas  75165
Ph. No. 972 937 6059