### In re Arthur CARSON.

### No. 06–00–00031–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 23, 2000.

Decided Feb. 24, 2000.

Arthur X. Carson, Amarillo, pro se.

Bill Peek, Texarkana, Mary Centilla, Huntsville, for Respondent.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Arthur Carson has filed a petition for a writ of mandamus. In his petition, he alleges that the Financial Services Division of the Texas Department of Criminal Justice–Institutional Division has charged his account for costs in a manner that does not comport with the law.

Carson, who is currently incarcerated in Potter County, has filed several proceedings that have been decided by this Court on various occasions. The case involved here was filed in the 202nd Judicial District Court of Bowie County on April 1, 1997. The case was dismissed on December 8, 1997, and Carson appealed to this Court. We affirmed the judgment on August 18, 1998.[1] Carson then filed an application for review in the Texas Supreme Court, which was denied on December 21, 1998. Our mandate was issued on March 11, 1999.

Carson has attached a document from the Financial Services Division, dated September 17, 1999, reflecting that it is now enforcing the order of dismissal of the case in the trial court, which ordered costs of $188.00 assessed against Carson. The Division informed Carson that, pursuant to TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.006,

14.007 (Vernon Supp.2000), he would be required to pay the lesser of (1) twenty percent of the preceding six months' deposits to his inmate trust account; or (2) the total amount of court fees and costs charged to him in the case. The monthly rate of payment was then set out as being the lesser of ten percent of the deposits into the account each month or the total amount of fees and costs remaining unpaid.

The Division then calculated the total amount of Carson's previous six months' deposits as being $718.50. Twenty percent of that amount is $143.70, which is less than the total assessment of costs. Thus, the Division placed a hold on his account for that amount.

Carson complains because the Division did not use the six months period *prior to his filing of suit* for its calculations, but instead used a much later time.

Carson asks us to order the district judge who initially heard his case to direct the prison to furnish him the information about Carson's trust account and to issue a more precise order to pay costs based on the proper time frame. He also asks us to order the operating officer of the Inmate Trust Fund, Mary Centilla, to use the correct time period in calculating the costs.

█ We first note that we have no jurisdiction to issue a writ of mandamus against Mary Centilla. We have jurisdiction to issue a writ of mandamus against a judge of a district or county court in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon Supp.2000). Centilla is not a judge.

█ The remaining question is whether we should command the trial judge to obtain a copy of Carson's trust fund report for the six months prior to his filing of the lawsuit on April 1, 1997, and then issue an order detailing the proper charges against

---

1. *Carson v. Serrano,* No. 06–98–00010–CV (Tex.App.-Texarkana Aug. 18, 1998) (not designated for publication).

that account. We recognize that in *Bonds v. Texas Dep't of Criminal Justice*, 953 S.W.2d 233 (Tex.1997), the Supreme Court reviewed and found improper an order essentially identical to the one issued by the trial court in this case. As in this case, the trial court had entered an order stating only the full amount of costs and charging them against the plaintiff. Applying the percentages set out in the statute cited above, the Supreme Court found that the trial court had no discretion to automatically order payment of the full amount, but was required to obtain the information as allowed by Section 14.006(f) and order payment based on that amount. We further recognize that the Supreme Court used the six-month period prior to the filing of suit for the calculation.

We further note, however, that *Bonds* was a direct appeal from the dismissal of the plaintiff's suit and was not a petition for writ of mandamus against the trial judge. Carson filed an appeal from the dismissal of his suit, but he did not at that time complain of the method the trial court used to assess costs against him.

Mandamus properly issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). The relief Carson seeks could have been properly sought in his direct appeal from the dismissal of his suit. He did not take advantage of that clearly adequate remedy when it existed, so he may not now pursue a remedy by mandamus.

The petition is denied.