NO. 07-02-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 3, 2003

_____

IN RE DONALD MOODY,

Relator

_____

***ORIGINAL PROCEEDING IN MANDAMUS***
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Pending before the court is a document of Donald Moody entitled "Motion Mandamus Re-amend Tort Claims." The document was filed with the clerk of this court on December 19, 2002. Through it, he asks us to "honor" a notice of appeal he previously filed so that he may again urge various complaints involving the Texas Department of Criminal Justice (TDCJ) and employees of that department who apparently work at the Neal Unit of the TDCJ. We deny the petition for the reasons which follow.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

First, regarding the request to "honor" the previous notice of appeal, we conclude that Moody refers to our cause number 07-02-0223-CV, styled Donald Moody v. Gary L. Johnson, TDCJ Director. We dismissed that cause on June 20, 2002, for want of jurisdiction. On July 25, 2002, this court also denied his motion for rehearing. To the extent that the pending "Motion Mandamus Re-amend Tort Claims" can be considered another motion for rehearing or attempt to have us change our order of dismissal, it is untimely and, therefore, denied. *See* TEX. R. APP. P. 49.5 (stating that a second motion for rehearing may be filed within 15 days of the date the court decides the first); *see also* TEX. R. APP. P. 19.1(b) (stating that the jurisdiction of an appeals court expires 30 days after the court overrules all timely filed motions for rehearing).

Second, to the extent that the document before us is a petition for writ of mandamus, we note that it seeks relief against the TDCJ and one or more of its employees. Furthermore, the claims involve his prison work assignment, the validity of a guilty plea, a change in his sentence, and the availability of a parole hearing. None of these issues implicate a pending appeal. Nor do they interfere with our ability to resolve or address any other matter currently pending before us. This proves fatal because our authority to issue writs of mandamus is not ubiquitous. That is, we may issue such writs 1) when necessary to enforce our jurisdiction, TEX. GOV. CODE ANN. §22.221(a) (Vernon Supp. 2003), or 2) against a judge of a district or county court. *Id.* at §22.221(b). Here, relief is not sought against a judge of a district or county court; so, §22.221(b) does not enable us to act. And, because the conduct complained of by Moody in his "Motion Mandamus Re-amend Tort Claims" neither implicates a pending appeal nor interferes with

our ability to resolve a matter pending before us, §22.221(a) does not authorize us to act. *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, no pet.).   In short, the issuance of a writ of mandamus is not necessary under §22.221(a) to enforce our jurisdiction over a pending matter.

Accordingly, we deny Moody's "Motion Mandamus Re-amend Tort Claims."

Brian Quinn
Justice

Publish.

3