NO. 07-06-0068-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 2, 2006



______________________________




IN RE JOHN ROBERT WHIRTY, RELATOR



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Relator John Robert Whirty, proceeding pro se and in forma pauperis, seeks a writ
of mandamus to compel the Potter County District Clerk, Caroline Woodburn, to file,
number, and submit a writ of habeas corpus to the 181st District Court of Potter County. 
We deny the petition.

 Our mandamus jurisdiction is limited. We have authority to issue a writ of
mandamus when necessary to enforce our jurisdiction and against district and county court
judges within our district. See Tex. Gov't Code Ann. § 22.221(a) &(b)(1) (Vernon 2004). 

 By his petition, relator, who is confined in Potter County, asserts his conviction for
capital murder in Dallas County is void and seeks relief by writ of habeas corpus. He
asserts Woodburn has the ministerial duty to file and submit his writ to the trial court. He
has not, however, demonstrated that his petition implicates a pending appeal in our district. 
See In re Moody, 93 S.W.3d 928, 929 (Tex.App.-Amarillo 2003, orig. proceeding). Thus,
he has not shown that mandamus relief is necessary to enforce our jurisdiction. See
generally In re Coronado, 980 S.W.2d 691, 692-93 (Tex.App.-San Antonio 1998, orig.
proceeding) (denying mandamus relief sought against a district clerk). 

 Accordingly, relator's petition for writ of mandamus is dismissed for want of
jurisdiction.

 Don H. Reavis

 Justice

 




t expires 30 days
after the court overrules all timely filed motions for rehearing).

 Second, to the extent that the document before us is a petition for writ of
mandamus, we note that it seeks relief against the TDCJ and one or more of its
employees. Furthermore, the claims involve his prison work assignment, the validity of a
guilty plea, a change in his sentence, and the availability of a parole hearing. None of
these issues implicate a pending appeal. Nor do they interfere with our ability to resolve
or address any other matter currently pending before us. This proves fatal because our
authority to issue writs of mandamus is not ubiquitous. That is, we may issue such writs
1) when necessary to enforce our jurisdiction, Tex. Gov. Code Ann. §22.221(a) (Vernon
Supp. 2003), or 2) against a judge of a district or county court. Id. at §22.221(b). Here,
relief is not sought against a judge of a district or county court; so, §22.221(b) does not
enable us to act. And, because the conduct complained of by Moody in his "Motion
Mandamus Re-amend Tort Claims" neither implicates a pending appeal nor interferes with
our ability to resolve a matter pending before us, §22.221(a) does not authorize us to act.
In re Washington, 7 S.W.3d 181, 182 (Tex. App.--Houston [1st Dist.] 1999, no pet.). In
short, the issuance of a writ of mandamus is not necessary under §22.221(a) to enforce
our jurisdiction over a pending matter.

 Accordingly, we deny Moody's "Motion Mandamus Re-amend Tort Claims."



 Brian Quinn 

 Justice


Publish.

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002).