

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,721

**EX PARTE FLOYD WILLIAMS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 355904 IN THE 183rd JUDICIAL DISTRICT COURT
## FROM HARRIS COUNTY

**PER CURIAM.**

### O P I N I O N

In 1982, applicant was convicted of murder, and punishment was assessed at confinement for twenty-five years. There was no appeal from this conviction. Applicant has filed an application for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC., Article 11.07, § 3, in which he contends that he has improperly been denied release on mandatory supervision because the Texas Department of Criminal Justice is improperly calculating his time credit.

Applicant committed this offense May 15, 1982. Applicant contends that his total credits on this sentence exceed twenty-five years, but the Texas Department of Criminal Justice (TDCJ) has failed to designate this sentence as having "ceased to operate." The trial court has obtained affidavits

from TDCJ personnel and made findings of fact.

Those findings and affidavits reflect that, on February 24, 1989, subsequent to applicant's conviction, sentence, and incarceration for the murder, applicant was charged with possession of a deadly weapon in a penal institution, committed on August 19, 1988. He was convicted and sentenced to ten years' incarceration, to run consecutively to this twenty-five-year murder sentence. After he was assessed the consecutive ten-year sentence, applicant was charged with aggravated assault of a correctional officer, committed on August 13, 1990, convicted, and sentenced to five years' incarceration, to run consecutively to the ten-year sentence for possession of a deadly weapon in a penal institution. The affidavits and the trial court's findings also reflect that TDCJ is calculating applicant's time as if he is serving a single forty-year cumulated sentence and that he is classified as ineligible for release to mandatory supervision because his conviction for aggravated assault of a correctional officer makes him ineligible.

Before September 1, 1987, the only inmates deemed ineligible for mandatory-supervision release were prisoners who were "a person under sentence of death." Effective September 1, 1987, TEX. CODE CRIM. PROC., Article 42.18, § 8(c), precluded individuals who had been convicted of certain offenses from being released to mandatory supervision. The amended statute governed a defendant's eligibility for release on mandatory supervision only if the defendant had been sentenced for an offense committed on or after September 1, 1987.[1] Because applicant committed the murder which is the subject of this writ application in 1982, applicant is eligible for mandatory supervision

---

[1] It is well settled that an inmate's eligibility for mandatory supervision is controlled by the mandatory-supervision statute in effect on the date of the commission of the offense for which the inmate is incarcerated. *Ex parte Noyola*, 215 S.W.3d 862, 865 (Tex. Crim. App. 2007); *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005); *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).

on his sentence for this pre-1987 murder offense.

Pursuant to our holdings this day in *Ex parte Forward*, ___ S.W.3d ___, No. AP-75,705 (Tex. Crim. App. delivered July 2, 2008), TDCJ must first calculate a release date for mandatory supervision for the mandatory-supervision-eligible sentences as a unit, and then it shall add the length of the mandatory-supervision-ineligible sentences to arrive at a final mandatory supervision release date. And as also noted in *Forward*, *supra*, slip op. at 2, applicant cannot ever be released to mandatory supervision on a sentence which is ineligible for mandatory-supervision release.

Because we have determined that applicant is eligible for mandatory supervision release on the instant murder sentence, we grant relief as to that conviction. TDCJ is ordered to classify applicant as eligible for mandatory supervision release on this twenty-five-year sentence for his murder conviction. However, TDCJ shall calculate his time for this sentence and the sentences ordered to be served consecutively therewith in accordance with our holdings in *Forward*. Copies of this opinion shall be sent to TDCJ's State Classification Committee–Correctional Institutions Division, and its Pardons and Parole Division.

Delivered: July 2, 2008
Publish