

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00191-CR

## IN RE DANNY CLINE

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

Danny Cline seeks a writ of mandamus compelling state prison officials to give him time credit for his participation in educational and vocational programs. Because Cline either has or had an adequate remedy at law, we will deny his request for mandamus relief.[1]

To obtain mandamus relief, a petitioner must first show that he has no adequate remedy at law. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding). Under ordinary circumstances, the proper avenue for challenging the manner in which the Department of Criminal Justice awards time credits is by a habeas

---

[1] We apply Rule of Appellate Procedure 2 and disregard numerous deficiencies in Cline's mandamus petition. *See* TEX. R. APP. P. 2.

application under article 11.07 of the Code of Criminal Procedure. *See, e.g., Ex parte Williams*, 257 S.W.3d 711 (Tex. Crim. App. 2008) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009).

Here, however, Cline contends that habeas relief is not available because of the abuse-of-the-writ doctrine.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4; *Ex parte Brooks*, 219 S.W.3d 396, 399-400 (Tex. Crim. App. 2007) (the subsequent-application provision of article 11.07, section 4 "adopts the abuse-of-the-writ doctrine used in federal practice"). Article 11.07, section 4(a)(1) prohibits the filing of a subsequent habeas application unless:

> the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)(1).[3]

But after referring to the abuse-of-the-writ doctrine, Cline argues that his current claim could not have been raised earlier because his claim did not accrue until June 28, 2009 when the Department allegedly should have released him if it had given him the time credits he claims were wrongfully denied. We need not decide whether Cline could have presented this claim in a previous habeas application because he is not

---

[2] According to information found on the website of the Court of Criminal Appeals, Cline has filed thirteen habeas applications. Three of them were dismissed as improper subsequent writs under article 11.07, section 4.

[3] Section 4(a)(2) permits the filing of a subsequent habeas application if the application contains facts that establish "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)(2) (Vernon Supp. 2009). This provision does not apply to Cline's time-credit claim.

entitled to mandamus relief regardless of whether the claim is barred by the abuse-of-the-writ doctrine.

If this claim could have been presented in a previous habeas application but Cline failed to do so, then he cannot now seek mandamus relief. *See In re Pannell*, 283 S.W.3d 31, 36 (Tex. App.—Fort Worth 2009, orig. proceeding) ("Mandamus is not available if another remedy, though it would have been adequate, was not timely exercised."); *accord In re Carson*, 12 S.W.3d 886, 888 (Tex. App.—Texarkana 2000, orig. proceeding).

If the claim could not have been presented in a previous habeas application, then Cline has an adequate legal remedy available to him, namely, a habeas application under article 11.07, § 4(a)(1). *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)(1).

Cline either has or had an adequate legal remedy by habeas. Therefore, we deny his mandamus petition.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Petition denied
Opinion delivered and filed August 18, 2010
Do not publish
[OT06]