

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00119-CV

_____

IN RE:  JUDGE CARLOS CORTEZ

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion Per Curiam

## O P I N I O N

Carlos Cortez has filed a petition for writ of mandamus asking this Court to order the Honorable Richard Davis, sitting as the judge in the 298th Judicial District Court in Dallas County, to stay his October 29, 2013, Order Denying Motion to Seal and Vacating Sealing Order, and asking this Court to issue a writ of injunction directing Randy Johnston not to disseminate any of the documents pending the end of all appellate review sought by Cortez.

In connection with that petition, Cortez has also filed a motion seeking similar temporary relief pending our determination of his petition.

The petition was filed in this Court only after an essentially identical petition was filed with the Second Court of Appeals in Fort Worth. That Court issued a temporary stay in recognition of the somewhat scrambled nature of the case. The appeal from the underlying order was filed with the Fifth Court of Appeals in Dallas, but all justices of the Fifth Court of Appeals recused themselves. Cortez thus evidently concluded that the justices of the Dallas Court also could not rule on his petition for writ of mandamus, although their recusal only applied to the appeal and not to a plea for mandamus relief. Cortez then filed a mandamus petition with the Fort Worth Court of Appeals as the nearest appellate court. *See* TEX. R. APP. P. 17.2.

The Fort Worth Court of Appeals temporarily stayed the order until (in relevant part) jurisdiction over the appeal properly vested in a Court of Appeals and that court had an opportunity to consider and rule on a motion for emergency relief staying the order. The appeal has been transferred to this Court by the Texas Supreme Court, and the minimal record that exists to this point has now been received by this Court. The appeal is now before this Court.

2

It is not apparent, however, that the mandamus filed here is properly before this Court. This Court has jurisdiction to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Dallas County is not within the territorial jurisdiction of this Court. TEX. GOV'T CODE ANN. § 22.201(g) (West Supp. 2013).

Even assuming that the justices of the Dallas Court of Appeals have recused themselves from this proceeding, we take judicial notice that this Court is not the nearest Court of Appeals to Dallas. *See* TEX. R. APP. P. 17.1, 17.2. Further, there has been no transfer by the Texas Supreme Court of the mandamus proceeding, and there is no authority that ancillary matters such as this mandamus petition automatically ride on the coattails of the related appeal into a new district.

Cortez also argues that we have the authority to act on the mandamus because if the documents were released, the object of the appeal would be mooted interfering with our jurisdiction over the case. When the mandamus was filed with this Court, there was no appeal pending before us with which to interfere. Now the appeal is properly before us, and we will address any such issues within the context of that appeal. *See Tex. Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186, 189 (Tex. App.—Texarkana 1993, orig. proceeding) (under TEX. CONST. art. V, § 6 and TEX. GOV'T. CODE ANN. § 22.221, this Court has jurisdiction to issue writs of prohibition to protect its jurisdiction which includes preventing interference with pending appeal).

Under these circumstances, we conclude that we have no jurisdiction over the mandamus proceeding. Even if we did have jurisdiction, mandamus issues only when the mandamus record

3

establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 255–56 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

The appeal covering this precise matter is presently before this Court. We deny the petition and overrule the related motion for emergency stay. All further actions in this case will take place in connection with the pending appeal.

We deny the petition for writ of mandamus.


PER CURIAM

Date Submitted:     November 14, 2013
Date Decided:       November 15, 2013