

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-77,231-10

### EX PARTE ERNESTO GARCIA ALVAREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27518 D IN THE 18TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of murder and sentenced to twenty-five years imprisonment.

In March of 1990, after his initial judgment of conviction was reversed on appeal, Applicant plead guilty to committing murder and pursuant to a plea agreement was re-sentenced to twenty-five years imprisonment in the Texas Department of Criminal Justice (TDCJ). He was later convicted of felony assault and sentenced to a concurrent term of ten years imprisonment.

Applicant claims that he has discharged this sentence, having previously been released to mandatory supervision, and "is illegally still restrained from his liberty and freedom." Habeas Record 24. He argues that prison officials must release him to non-discretionary mandatory supervision on the twenty-five-year murder sentence imposed in 1990. Applicant also contends that TDCJ is not properly applying pre-sentence confinement credit, specifically 629 days, which were awarded as "time credited" on the judgment.

We ordered that this application "be filed and set for submission to examine the legality of the policy, as applied to Applicant, of not 'releasing' a prisoner to mandatory supervision on one concurrent sentence until the prisoner is 'eligible' for release on all concurrent sentences and whether this Court's decisions in *Ex parte Forward*, 258 S.W.3d 151 (Tex. Crim. App. 2008), and *Ex parte Williams*, 257 S.W.3d 711 (Tex. Crim. App. 2008), are applicable." The parties and the Office of General Counsel of TDCJ were invited to brief the issues and have done so. Subsequently, the writ application was so submitted to this Court.

After submission, it has come to our attention that Applicant may no longer be in custody and may have been released from custody shortly before such submission. We observe that the state's "Respondent's Original Answer" to the application refers to the "attached sworn affidavit" of Charley Valdez, a program supervisor for the Classification and Record Division of TDCJ-ID. Habeas Record 48. We also observe that the habeas court's Order transmitting the habeas record to this Court also refers to reviewing documents, including "Mr. Charley Valdez's sworn affidavit." Habeas Record 51. However, no such affidavit appears in the habeas record.

We abate these proceedings and remand to the habeas court with instructions to supplement the record with that referenced affidavit from Charley Valdez and with any additional evidence

which it determines is relevant to our resolution of Applicant's claims. The parties are also ordered to determine Applicant's current custodial status and present evidence regarding such status to the habeas court. The habeas court shall make any findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims.

This application will be held in abeyance until the habeas court so supplements the record. Said supplementation shall be returned to this Court within 45 days of the date of this order. Any extensions of time must be requested by the habeas court and shall be obtained from this Court.

Filed: September 26, 2018
Do not publish