**DENIED and Opinion Filed March 13, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00086-CV

## IN RE KEVIN CHRISTOPHER REED, Relator

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-83282-2015**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Nowell

In this original proceeding, Kevin Christopher Reed has filed a petition for writ of mandamus contending that because the trial court has failed to rule on his November 21, 2019 "Nunc Pro Tunc For Credit Toward Pecuniary Costs and Motion for Time Credit, Discharge and Release," the Court should grant relief and order the Texas Department of Criminal Justice to release him. We deny relief.

This Court does not have jurisdiction to issue a writ of mandamus against the Texas Department of Criminal Justice unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within

appellate court's geographic jurisdiction or when necessary to enforce appellate court's jurisdiction); *In re Moody*, 93 S.W.3d 928, 929 (Tex. App.—Amarillo 2003, orig. proceeding). Relator is not complaining about actions in an appeal pending in this Court and, therefore, we have no jurisdiction to act against the Department. *See Moody*, 93 S.W.3d at 929. Accordingly, we dismiss relator's petition for writ of mandamus to the extent it requests mandamus relief against the Texas Department of Criminal Justice.

To the extent relator's petition could be construed as requesting relief against the trial court, a petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears an unsworn declaration stating relator does "declare under penalty of perjury that the foregoing is true and correct." Thus, relator's petition does not comply with rule 52.3(j). *See id*.; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a

–2–

ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.— Dallas 2017, orig. proceeding) (mem. op.); *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding) (mem. op.).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

The copy of the "Nunc Pro Tunc" motion relator has attached to his petition is not a certified or sworn copy and thus is not properly authenticated under the rules of appellate procedure.[1] Furthermore, there are no documents showing relator

---

[1] Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding) (mem. op), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on the affiant's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id*. To comply with the rules, the affidavit or unsworn declaration must state the affiant has personal knowledge that the copies of the documents in the appendix are correct copies of the originals. *See id*.

presented the motion to the trial court and requested a ruling. There are no reminders to the trial court that the motion is pending without a ruling. Relator does not include a certified or sworn copy of the trial court's docket sheet or other proof that would establish relator filed the motion, requested a ruling from the trial court, and the trial court failed to act on his motion within a reasonable time.

Without an adequate record, relator has not established that the trial court has violated a ministerial duty and he is entitled to mandamus relief. *See Prado*, 522 S.W.3d at 2. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

200086F.P05