

# NUMBER 13-22-00414-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HUMBERTO ROSALES CRUZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Relator Humberto Rosales Cruz has filed a pro se petition for writ of mandamus raising general complaints regarding his "right to file documents with the district clerk." Relator suggests that the district clerk has not returned file-stamped copies of his pleadings and has failed to forward his pleadings to the court of criminal appeals.

In a criminal case, to be entitled to mandamus relief, the relator must establish

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. We have no jurisdiction to issue a writ of mandamus against individuals or entities other than those

specified in the government code unless it is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g.*, *In re Carson*, 12 S.W.3d 886, 887 (Tex. App.—Texarkana 2000, orig. proceeding) (concluding that the court lacked mandamus jurisdiction over the operating officer of an inmate trust fund); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction."); *see also In re Ghose*, No. 14-20-00464-CR, 2020 WL 3863188, at *1 (Tex. App.—Houston [14th Dist.] July 9, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (concluding that the court lacked mandamus jurisdiction against a jail). Further, to the extent that relator's contentions may be construed to concern a pending post-conviction habeas proceeding, we would similarly lack jurisdiction. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of September, 2022.

3