

# NUMBERS 13-23-00012-CR & 13-23-00013-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE QUIRINO TORRES

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Longoria[1]**

Relator Quirino Torres, proceeding pro se, has filed a petition for writ of mandamus through which he asserts that the Texas Department of Criminal Justice (TDCJ) has failed to recalculate his sentence based on nunc pro tunc orders issued in trial court cause numbers B-21-2022-0-CR-B and B-21-2009-0-CR-B in the 156th District Court of Bee County, Texas. We have filed relator's petition for writ of mandamus regarding each case

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

respectively in our appellate cause numbers 13-23-00012-CR and 13-23-00013-CR.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. Relator does not seek relief against a judge in our district and he does not contend that mandamus relief is necessary to enforce this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g., In re Bledsoe*, 532 S.W.3d 826, 827 (Tex. App.—Texarkana 2017, orig. proceeding) (concluding that the court lacked mandamus jurisdiction over the warden at a unit of TDCJ unless necessary to enforce the court's jurisdiction); *In re Moody*, 93 S.W.3d 928, 929 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding that the court lacked jurisdiction against the TDCJ because the matter "neither implicates a pending appeal nor interferes with our ability to resolve a matter pending before us"); *In re Carson*, 12 S.W.3d 886, 887 (Tex. App.—Texarkana 2000, orig. proceeding) (concluding that the

3

court lacked mandamus jurisdiction over the operating officer of an inmate trust fund); *see also In re Hodge*, No. 01-21-00504-CV, 2021 WL 4533274, at \*1 (Tex. App.—Houston [1st Dist.] Oct. 5, 2021, orig. proceeding) (mem. op.) (per curiam) ("This Court has no jurisdiction to issue writs against officers at TDCJ."). Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction in each cause.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of January, 2023.

4