

# NUMBER 13-24-00132-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSE MORALES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Longoria[1]

Relator Jose Morales filed a pro se petition for writ of mandamus raising complaints regarding violations of due process, false evidence, and a void judgment. This original proceeding arises from trial court cause number D-1-DC-17-300766 in the 390th District Court of Travis County, Texas.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. Relator seeks mandamus relief against the judge of the 390th District Court of Travis County. However, Travis County is not located within the geographic district for the Thirteenth Court of Appeals and is instead located within the geographic district for the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(d) (delineating the counties comprising the Third Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 390th District Court of Travis County. *See id.* § 22.221(b); *In re Cortez*, 415 S.W.3d 903, 904 (Tex. App.—Texarkana 2013, orig. proceeding) (per curiam). Further, there is no indication in the record that the requested relief is necessary to enforce our

appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). Accordingly, we dismiss the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of February, 2024.