

# NUMBER 13-24-00219-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALFREDO LOPEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides[1]**

Alfredo Lopez, proceeding pro se, has filed a pleading in this Court seeking relief
for various complaints. Lopez does not have a pending appeal in this Court and he does
not reference a final judgment that is subject to appeal or an appealable interlocutory
order. Accordingly, we liberally construe Lopez's pleading as a petition for writ of
mandamus. *See generally* TEX. R. APP. P. 19.1 (delineating the plenary power of the
appellate courts), 25.2 (governing the perfection of appeal in criminal cases), 52

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."). Lopez contends, *inter alia*, that his sentence is void; he is being illegally imprisoned; he is being denied visitation; he has been incarcerated past his release date; he has been injured but was not provided with medical care; he has been given rat poison "a few times"; and prison employees of the Texas Department of Criminal Justice (TDCJ) have beaten him.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator bears the burden to provide a sufficient record

to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839.

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. Relator's complaints regarding his conviction and sentence stem from trial court cause number 2020C105739 in the 37th District Court of Bexar County, Texas. However, Bexar County is not located within the geographic district for the Thirteenth Court of Appeals and is instead located within the geographic district for the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(e) (delineating the counties comprising the Fourth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 37th District Court of Bexar County. *See id.* § 22.221(b); *In re Cortez*, 415 S.W.3d 903, 904 (Tex. App.—Texarkana 2013, orig. proceeding) (per curiam). Further, Lopez does not

3

contend that mandamus relief is necessary to enforce this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g.*, *In re Bledsoe*, 532 S.W.3d 826, 827 (Tex. App.—Texarkana 2017, orig. proceeding) (concluding that the court lacked mandamus jurisdiction over the warden at a unit of TDCJ unless necessary to enforce the court's jurisdiction); *In re Moody*, 93 S.W.3d 928, 929 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding that the court lacked jurisdiction against the TDCJ because the matter "neither implicates a pending appeal nor interferes with our ability to resolve a matter pending before us"); *In re Carson*, 12 S.W.3d 886, 887 (Tex. App.—Texarkana 2000, orig. proceeding) (concluding that the court lacked mandamus jurisdiction over the operating officer of an inmate trust fund); *see also In re Hodge*, No. 01-21-00504-CV, 2021 WL 4533274, at *1 (Tex. App.—Houston [1st Dist.] Oct. 5, 2021, orig. proceeding) (mem. op.) (per curiam) ("This Court has no jurisdiction to issue writs against officers at TDCJ."). Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

GINA M. BENAVIDES
Justice

*Do not publish.*
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of May, 2024.

4