

# NUMBER 13-26-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BRIAN MATTHEW BENNETT

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron[1]**

Brian Matthew Bennett filed a pro se pleading in this Court. Although Bennett's pleading is unclear, it appears that Bennett contends that prison staff and his fellow inmates have committed misconduct against him. Bennett does not have a pending appeal in this Court and he does not reference a judgment or otherwise appealable order.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Accordingly, we liberally construe this pro se pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."). The petition for writ of mandamus arises from trial court cause number F244-18 in the 66th District Court of Hill County, Texas. Bennett filed a direct appeal from that cause number to the Tenth Court of Appeals, and his appeal was transferred to this Court by the Texas Supreme Court in accordance with its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001; Misc. Docket No. 19-9040 (Tex. June 1, 2019). On appeal, we affirmed Bennett's conviction. *See Bennett v. State*, No. 13-19-00298-CR, 2020 WL 948365, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2020, no pet.) (mem. op., not designated for publication).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code provides the main source of original jurisdiction for the intermediate courts of appeals. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over Bennett's request for relief. First, Bennett has not shown that mandamus is necessary to enforce our jurisdiction. *See id.* § 22.221(a). Second, Bennett appears to seek relief against prison officials and fellow inmates, and in the absence of any issues pertaining to the enforcement of our appellate jurisdiction, we lack mandamus jurisdiction over those individuals. *See, e.g.*, *In re Bledsoe*, 532 S.W.3d 826, 827 (Tex. App.—Texarkana 2017, orig. proceeding); *In re Moody*, 93 S.W.3d 928, 929 (Tex. App.—Amarillo 2003, orig. proceeding); *In re Carson*, 12 S.W.3d 886, 887 (Tex. App.—Texarkana 2000, orig. proceeding). Third, Hill County is not located within the geographic district for the Thirteenth Court of Appeals but is instead located within the geographic district for the Tenth Court of Appeals, and we lack mandamus jurisdiction to issue a writ against the judge of the 66th District Court of Hill County. *See* TEX. GOV'T CODE ANN. § 22.201(k) (delineating the counties comprising the Tenth Court of Appeals District), *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District), *id.* § 22.221(b), (c) (identifying the judges against whom a writ may issue). Finally, Bennett's appeal in our appellate cause number 13-19-00298-CR was transferred to this Court from the Tenth Court of Appeals by the Texas Supreme Court, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See* Misc. Docket No. 19-9040 (Tex. June 1, 2019) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings . . . ."); *In re Davis*, 87 S.W.3d 794, 795 n.1 (Tex. App.—Texarkana 2002, orig. proceeding); *see also In re Yan*, No. 13-25-00241-CV, 2025 WL 1299506, at *2 (Tex. App.—Corpus Christi–Edinburg May 5, 2025, orig.

proceeding) (mem. op.). Accordingly, we dismiss Bennett's petition for writ of mandamus and all relief sought therein for lack of jurisdiction.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of January, 2026.